William J. PFUNTNER, Plaintiff–Appellant,

v.

THE VILLAGE OF DANSVILLE, Defendant–Appellee.

No. 05–5192–cv.

United States Court of Appeals, Second Circuit.

Aug. 11, 2006.

Maurice J. Verrillo, Law Office of Maurice Verrillo; Rochester, New York, for Plaintiff–Appellant.

Audrey A. Seeley; Hurwitz & Fine, P.C.; Buffalo, NY, for Defendant–Appellee.

PRESENT: Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges.

SUMMARY ORDER

Plaintiff–Appellant, William J. Pfuntner, appeals from a judgment, entered August 25, 2005, in the United States District Court for the Western District of New York (David Larimer, *J.*), granting Defen-

**62**

dant's summary judgment motion and dismissing Plaintiff's claims under 42 U.S.C. § 1983. Familiarity with the record below and the issues on appeal is presumed.

Plaintiff limited this appeal to his § 1983 claims based on Defendant's ordinances regulating signs.[1] This court reviews the district court's grant of summary judgment *de novo. See Mario v. P & C Food Markets, Inc.,* 313 F.3d 758, 763 (2d Cir. 2002); *Belfi v. Prendergast,* 191 F.3d 129, 135 (2d Cir.1999). Summary judgment is granted when, after viewing all facts in the record in a light most favorable to the non-moving party, no genuine issue of material fact exists and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Forsyth v. Fed'n. Employment & Guidance Serv.,* 409 F.3d 565, 569 (2d Cir.2005); *Bryant v. Maffucci,* 923 F.2d 979, 982 (2d Cir.1991).

"Article III of the Constitution, which limits our jurisdiction to cases and controversies, precludes resolution in the absence of 'direct and immediate dilemma.'" *United States v. Johnson,* 446 F.3d 272, 278 (2d Cir.2006) (quoting *Marchi v. Bd. of Coop. Educ. Servs.,* 173 F.3d 469, 478 (2d Cir.1999)). "The mere possibility of future injury, unless it is the cause of some present detriment, does not constitute [the requisite] hardship." *Simmonds v. INS,* 326 F.3d 351, 360 (2d Cir.2003). Here, Plaintiff has failed to assert anything more than the "mere possibility of future injury." Because we find that the case is not ripe, we do not have jurisdiction to consider Plaintiff's claims.

We have considered Plaintiff's remaining contentions and find them to be without merit. For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.

---

1. The district court also dismissed additional federal claims and then declined to exercise pendant jurisdiction over Plaintiff's state law claims.

